UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

James Orleans

                                                 Case No. 1:25-cv-00203-JL-TSM

      v.                                      Opinion No. 2026 DNH 050

Apex Tool Group, LLC
& Paulo Products Co.

## MEMORANDUM ORDER

The motion to dismiss this product liability case involves whether this court may exercise specific personal jurisdiction over an out-of-state subcontractor based solely on its alleged out-of-forum manufacturing work on a product that later entered New Hampshire through a third party's distribution chain.  The case arises out of a serious hand injury sustained by New Hampshire resident James Orleans while using a pair of "Wiss Snips."  He alleges that the tool was defectively designed and manufactured and asserts claims against multiple entities in the distribution chain, including Paulo Products, a Missouri-based company that performed heat-treatment services on the tool in Tennessee.  Paulo Products moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), arguing that neither general nor specific personal jurisdiction can be exercised over it in New Hampshire.  Orleans objects and, in the alternative, requests leave to conduct jurisdictional discovery on the question of general jurisdiction.

This court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) (diversity). After reviewing the parties' submissions and hearing oral argument, the court grants the motion.  Orleans has not shown that Paulo Products has the minimum contacts with New Hampshire required for the exercise of personal jurisdiction consistent with the Due Process Clause.  Specifically, he has failed to establish that Paulo Products purposefully availed itself of the privilege of conducting activities in this state.  Because neither general nor specific personal jurisdiction lies here, and jurisdictional discovery would not alter that conclusion, the court dismisses all claims against Paulo Products from this action.

I.      **Legal standards**

When personal jurisdiction is challenged under Rule 12(b)(2), "[t]he burden of providing that personal jurisdiction may be exercised in the forum state lies squarely with the plaintiff." *Chen v. United States Sports Acad.*, 956 F.3d 45, 54 (1st Cir. 2020). Where, as here, the parties agree that the court should consider the question of personal jurisdiction "based on the prima facie record," it "must ask whether the plaintiff has proffered evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction." *Id.* (citations and alterations omitted).  When deciding a motion to dismiss using the prima facie approach, the court considers the "relevant facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the

1

record, giving credence to the plaintiff's version of genuinely contested facts," but does not "credit conclusory allegations or draw farfetched inferences." *Rosenthal v. Bloomingdales.com, LLC*, 101 F.4th 90, 94 (1st Cir. 2024) (citations omitted).

## II.    Background

The product at the center of this litigation—"Wiss Snips"—is a hand tool manufactured by Apex Tool Group, LLC.[1]  Apex is a Maryland-headquartered company.[2] Plaintiff James Orleans, a New Hampshire resident, purchased the subject Wiss Snips at a local New Hampshire Home Depot.[3]  In November 2022, Orleans was using the Wiss Snips when its steel handle snapped unexpectedly, causing him to suffer a permanent injury to his right hand.[4]

Apex contracts with Paulo Products, a domestic Missouri corporation headquartered in St. Louis, Missouri, as part of the Wiss Snips manufacturing process.[5] Specifically, Apex sends Wiss Snips to Paulo Products to be thermally treated.[6]  After thermal treatment is completed, Paulo Products returns the Wiss Snips to Apex for distribution and sale.[7]  In this case, the Wiss Snips were sent to a Paulo Products facility in Murfreesboro, Tennessee facility, then returned to Apex.[8]  Apex subsequently delivered the tool to the Home Depot where Orleans purchased it in New Hampshire.[9]  Paulo Products is not registered to do business in New Hampshire and maintains no office, address, registered agent for service, telephone number, bank account, or employees in the state.[10]

## III.    Analysis

When, as here, a district court is exercising diversity jurisdiction, assessing whether personal jurisdiction exists with respect to a non-resident defendant requires the court to act as the "functional equivalent of a state court sitting in the forum state." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016).  Accordingly, "to meet [his] ultimate burden to establish personal jurisdiction over [Paulo Products] in New Hampshire," Orleans "must satisfy the requirements of both New Hampshire's long-arm statute -- which defines the scope of personal jurisdiction over a defendant in that state's courts -- and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Stokinger v. Armslist, LLC*, 166 F.4th 229, 233 (1st Cir. 2026).  Because "New Hampshire's long-arm statute authorizes the exercise of personal jurisdiction ... to the extent permissible under the federal Due Process clause," however, the court's inquiry collapses into the single question of whether Orleans can

---

[1] Am. Compl. (doc. no. 25) ¶ 2.

[2] *Id*.

[3] *Id*. ¶¶ 6, 8.

[4] *Id*. ¶ 8.

[5] *Id*. ¶ 3.

[6] Decl. of Steven R. Poss ("Poss Decl.") (doc. no. 29-2) ¶ 12.

[7] *Id*. ¶¶ 12-13.

[8] *Id*. ¶¶ 2, 6.

[9] Am. Compl. (doc. no. 25) ¶ 6.

[10] Poss. Decl. (doc. no. 29-2) ¶¶ 3, 5, 7-11.

show that the exercise of jurisdiction over Paulo Products would comport with the requirements of the Fourteenth Amendment. *Cappello v. Rest. Depot, LLC*, 89 F.4th 238, 243 (1st Cir. 2023) (quoting *In re Reddam*, 170 N.H. 590, 596 (2018) (alterations omitted)); *see* NH RSA 510:4, I.

"To make that showing, [Orleans] must establish that [Paulo Products] had 'certain minimum contacts with [New Hampshire] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Stokinger*, 166 F.4th at 233 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Those contacts may be marshalled to support a theory of either general or specific jurisdiction." *Id.* Here, Orleans contends that there is sufficient evidence in the prima facie record to establish specific jurisdiction and, should the court disagree, requests leave to conduct jurisdictional discovery on the question of general jurisdiction. The court considers these arguments in turn.

### A. <u>Specific jurisdiction</u>

Specific personal jurisdiction exists where the "case relates sufficiently to, or arises from, a significant subset of contacts between the defendant and the forum." *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 288 (1st Cir. 1999). To establish specific jurisdiction, the plaintiff must satisfy each prong of the specific-jurisdiction test:

> (1) their claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of that state's laws and rendering the defendant's involuntary presence in that state's courts foreseeable; and (3) the exercise of jurisdiction is ultimately reasonable.

*Scottsdale Cap. Advisors Corp. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018). Because Orleans's showing falters at the purposeful-availment prong, the court proceeds directly to that inquiry without addressing the relatedness requirement.

***Purposeful availment.*** "The purposeful-availment requirement ensures that a defendant's contacts with the forum state… show that the defendant 'deliberately target[ed] its behavior toward the society or economy of [the] forum [such that] the forum should have the power to subject the defendant to judgment regarding that behavior.'" *Stokinger*, 166 F.4th 234 (quoting *Baskin-Robbins*, 825 F.3d at 36). The analysis under this prong focuses on the defendant's intentions, with "voluntariness and foreseeability" serving as the "cornerstones" of the inquiry. *Id.* (citation omitted).

Orleans contends that the purposeful-availment prong is satisfied based on a "stream of commerce" theory, under which a manufacturer may, in some circumstances, be subject to jurisdiction "in a forum in which its products are sold, even if the products were sold indirectly through importers or distributors with independent sales and marketing schemes." *Papafagos v. Fiat Auto, S.p.A.*, 568 F. Supp. 692, 695 (D.N.H. 1983) (quoting *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 285 (3d Cir.), *cert.*

*denied,* 454 U.S. 1085 (1981)).  Specifically, he argues that "the Court should find that [] Paulo [Products] purposefully availed itself of the laws of New Hampshire by providing manufacturing services to Defendant Apex, who in turn sold its products in New Hampshire."[11]

That argument is unpersuasive.  To start, Orleans's principal authority on purposeful availment—*Papafagos v. Fiat Auto, S.p.A.*—is no longer persuasive.  Five years after *Papafagos* was decided, the Supreme Court split 4-4-1 over the proper interpretation of the stream-of-commerce theory, with four of the justices adopting a narrower view of the doctrine under which "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 112 (O'Connor, J., plurality).  Since then, the First Circuit Court of Appeals has emphasized that "the mere placement of a product into the stream of commerce with the awareness that it could end up in a forum state, without more, is not enough to show purposeful availment." *Rodríguez-Rivera v. Allscripts Healthcare Solutions, Inc.*, 43 F.4th 150, 163 (1st Cir. 2022) (citing *Asahi*, 480 U.S. at 112).  Instead, the defendant must engage in "additional conduct" indicating an intent to serve the forum, such as targeting the forum's market, designing the product for that market, or otherwise deliberately cultivating a business presence there. *Id.*

Orleans makes no such showing here.  As discussed above, any connection between Product Products and New Hampshire arises solely from Apex's independent decision to distribute the finished products in the state.  Paulo Product's role was limited: it contracted with Apex, performed heat treatment in Tennessee, and returned the treated goods to Apex; it did not sell, market, or solicit business in New Hampshire, and its involvement ended upon delivery.  In other words, any forum contact resulted from "the 'unilateral activity of another party or a third person'" rather than Paulo Products' own purposeful conduct. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).[12]  The purposeful availment prong is accordingly not satisfied under these circumstances.

***Reasonableness***.  Because Plaintiff has failed to satisfy the second prong of the specific jurisdiction test, the court need not decide whether the exercise of jurisdiction over Paulo Products is reasonable in light of the five "gestalt factors." *See Sawtelle v. Farrell,* 70 F.3d 1381, 1394 (1st Cir. 1995) (courts need not reach reasonableness inquiry if other factors are not met); *United Elec. Radio & Mach. Workers of Am. (UE) v. 163*

---

[11] Obj. to Mot. to Dismiss (doc. no. 34-1) at 8-9.

[12] The court notes that Orleans's reliance on a more recent decision—*D'Jamoos v. Atlas Aircraft Center, Inc.*, 669 F. Supp. 2d 167 (D.N.H. 2009)—is similarly unavailing.  In *D'Jamoos*, the court found specific jurisdiction over Pilatus Aircraft only because Pilatus had directly sold more than 300 maintenance manuals and service bulletins to a New Hampshire entity (Atlas) on a monthly basis over a period of years, with full knowledge that Atlas was using those documents in New Hampshire. *Id.* at 172.  That constituted a direct, voluntary, and ongoing commercial relationship with a New Hampshire business.  Paulo Products has no such relationship with any New Hampshire entity.

*Pleasant St. Corp.*, 987 F.2d 39, 44 n.11 (1st Cir. 1993) ("The Gestalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled.").[13]

### B. **Jurisdictional discovery**

Having found the prima facie record insufficient to establish specific jurisdiction, the court turns to Orleans's argument that he should be afforded the opportunity to conduct discovery into the scope of Paulo Products' contacts with New Hampshire "to determine whether the court may exercise general jurisdiction over Paulo [Products]."[14]

Since the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), "the lodestar of the [general jurisdiction] inquiry is whether the corporation's general business contacts with the forum are sufficiently continuous and systematic 'as to render [it] essentially at home in the forum State.'" *Chen*, 956 F.3d at 57 (quoting *Daimler*, 571 U.S. at 119)). Accordingly, general personal jurisdiction over a corporate defendant is typically only exercised in "its state of incorporation and the state that houses its principal place of business." *Id.* (citing *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017)). Here, Orleans seeks jurisdictional discovery on a theory that Paulo Products "could very well maintain continuous and systematic business connections in [New Hampshire] that are independent of this litigation."[15] In support of this request, he points to statements on Paulo Products' website describing its nationwide operations, including six strategically located facilities across North America, a strategy to expand market share through national sales managers, and the existence of a sales manager responsible for a broad northern United States territory that may encompass New Hampshire.[16]

While "a diligent plaintiff who sues an out-of-state corporation… may well be entitled to a modicum of jurisdictional discovery," he must first make out "a colorable case for the existence of in personam jurisdiction." *Negron-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 27 (1st Cir. 2007). "In addition to making a colorable claim, it is also incumbent upon the plaintiff to present facts to the court which show why jurisdiction would be found if discovery were permitted." *Id.* (citation omitted).

Orleans has not made out a colorable case for personal jurisdiction over Paulo Products (as is apparent from his failure to allege any New Hampshire-based or New Hampshire-related conduct whatsoever). For that reason alone, he is not entitled to

---

[13] These factors are "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." *Sawtelle, 70 F.3d at 1394* (citation omitted).

[14] Opp. to Mot. to Dismiss (doc. no. 34-1) at 11.

[15] Opp. to Mot. to Dismiss (doc. no. 34-1) at 12. Orleans confirmed at oral argument that he seeks jurisdictional discovery focused on the general jurisdiction inquiry. Orleans has not cited any cases in which a court granted jurisdictional discovery focused on a corporation's general business contacts with a forum, which is information that is ordinarily publicly available.

[16] *Id.* at 12 n.2. Orleans did not identify any additional bases for his jurisdictional discovery request at oral argument.

jurisdictional discovery. *See United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 626 (1st Cir. 2001) (ruling that a request for jurisdictional discovery was properly denied where plaintiff's "relatedness showing was unconvincing"). Even if he had, the First Circuit Court of Appeals has repeatedly held that a proffer consisting of generalized allegations untethered to meaningful forum contacts is insufficient to show that jurisdiction would be found if discovery were permitted. *See, e.g., Stokinger,* 166 F.4th at 244-45 (affirming denial of request for jurisdictional discovery made in opposition to motion to dismiss where the plaintiff failed to present a non-speculative, forum-specific basis for jurisdiction); *Crocker v. Hilton Int'l Barb., Ltd.,* 976 F.2d 797, 801 (1st Cir. 1992) (affirming denial of jurisdictional discovery where appellants sought information, irrelevant to forum contacts, on solicitation of business and the provision of goods or services outside of the forum). Such is the case here, where Orleans's proffered basis for jurisdictional discovery describes Paulo Products' nationwide operations but identifies no facts meaningfully tying those operations to New Hampshire.

Because Orleans has not identified any facts that would allow this court to exercise general jurisdiction under *Daimler* and First Circuit precedent, his request for jurisdictional discovery is denied.

## IV.    Conclusion

For the reasons stated, Paulo Products' motion to dismiss is **GRANTED**.


SO ORDERED.


_____
Joseph N. Laplante
United States District Judge


Dated: May 4, 2026

Cc: Counsel of record

6